UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| CENNY C. NORRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-1042 (RBW) |
| KEN L. SALAZAR, | ) ) ) | |
| Defendant. | ) ) | |

## Memorandum Opinion

Plaintiff Cenny Norris[1] brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) (2006) and the Rehabilitation Act, 29 U.S.C. § 791 (2006) against Ken L. Salazar, in his official capacity, seeking damages stemming from discriminatory and disparate treatment she alleges she suffered while employed by the Commission of Fine Arts ("Commission"). Complaint ("Compl.") ¶¶ 1-4. Currently before this Court is the plaintiff's motion for Leave to Amend Complaint – Responding to Motion to Dismiss ("Pl.'s Mot. to Amend"). For the reasons discussed below, the Court must grant the plaintiff's motion and allow her leave to amend the complaint.

### I. Background

The plaintiff, Cenny C. Norris, an African-American woman, was employed in February 2000 by the United States Department of the Interior (the "Department") as an Administrative Officer of the Commission. Compl. ¶¶ 4, 6. Seven months after her employment with the Commission began "she received a performance award of

---

[1] Ms. Norris was known by her maiden name, Cenny C. Hester, in the prior proceedings referenced in this opinion.

$1000.00." Id. ¶ 11.  Furthermore, the plaintiff continued to receive performance awards at increasing values every year until November 2003, when her award was decreased to the same amount she had received in 2001.  Id.  However, "[e]very other employee on the [Commission] staff received an increase in their performance award over the previous year" except for the plaintiff.  Id.  "Ms. Norris was very disturbed about the reduction in [her] performance award and she inquired about the reason for the decision to [her immediate supervisors,] the Secretary [for the Commission,] Mr. Charles Atherton and the Assistant Secretary Mr. Frederick Lindstrom."  Id. ¶ 12.  Despite this inquiry, the plaintiff was not provided an explanation for the decrease in her performance award.  Id. ¶ 17.  At a meeting with Mr. Atherton and the Acting Assistant Secretary, the plaintiff informed them "that she believed . . . she was being discriminated against and that she was disturbed and humiliated."  Id. ¶ 18.  As a result of the meeting, which occurred in November 2003, Mr. Atherton informed the plaintiff that "after 6 months he would process paperwork for a promotion on her behalf."  Id. ¶ 23.  Despite this representation, the plaintiff was not promoted until July 25, 2004.  Id. ¶¶ 13, 25, 26.  During that same year, Ms. Norris was informed by Mr. Lindstrom that despite his recommendation that she receive a performance award of $5000.00 "her [performance award for that year was] reduced to $4000.00."  Id. ¶¶ 27-28.

      In addition to the disparate treatment the plaintiff believed she was experiencing, in June of 2003 she sustained a back injury, id. ¶ 34, which her medical doctor initially concluded rendered the plaintiff "unable to tolerate a normal workday and recommended that she work a limited work schedule," id. ¶ 37.  Subsequently, the doctor "modified the

diagnosis and determined that [the plaintiff's] injury rendered her totally incapacitated[, and h]e recommended that she perform her job duties at home." Id.

The plaintiff informed one of her supervisors in April 2005 that the Office of Worker's Compensation approved several claims she submitted due to her back injury. Id. ¶ 40. She also "provided disability certificates from her physician to the [Commission] indicating that her injury rendered her totally incapacitated." Id.

On April 5, 2005, the plaintiff asked the Commission to allow her to work from her home, id. ¶ 41, and she renewed her request on August 20, 2005, id. ¶ 42. However, the requests were denied, along with her alternative request to report to work "on a part-time basis." Id. ¶ 44. Ultimately, on March 6, 2006, the plaintiff was dismissed from her job. Id. ¶ 45.

The plaintiff filed her first administrative complaint alleging racial and disability discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 15, 2005. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 3. Her complaint was dismissed on November 30, 2006, by an Administrative Judge and that decision was upheld by the EEOC on January 10, 2007. Id. The plaintiff filed an administrative appeal on February 15, 2007, which was denied two years later on February 27, 2009. Id. The appeal was denied as untimely because it had not been filed within the 30-day window for requesting an appeal. Id., Ex. 3. The denial of the appeal also stated that the plaintiff had 90 days in which to file a civil action in federal court. Id.[2]

---

[2] Also, in March 2006, shortly after her removal from her job, the plaintiff filed a petition ("second administrative complaint") with the Merit System Protection Board ("MSPB") alleging improper removal from federal service as well as discrimination under the Rehabilitation Act, 29 U.S.C. § 792 (2006). Pl.'s Opp'n at 3. Her petition in that matter was denied on May 2, 2006, and an EEOC review board affirmed the ruling on January 31, 2007. Id., Ex. 4.

3

As a consequence of the denial of her administrative complaint, the plaintiff now seeks relief in this Court. Compl. at 1. In response, the defendant moves to dismiss Counts II and III of the complaint as well as the supporting allegations in paragraphs 34 through 45 on the grounds that the plaintiff's claims are "untimel[y]." Defendant's Memorandum in Support of Partial Motion to Dismiss ("Def.'s Mem.") at 6-8. The plaintiff opposes the defendant's request and seeks leave to amend her complaint. Pl.'s Mot. at 1.

## II. Analysis

As an initial matter, because it has been more than twenty-one days since the filing of the defendant's motion for partial dismissal, the plaintiff is not entitled to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[3] Even when leave is not available as a matter of course, this Court must employ the liberal leave policy of Rule 15(a)(2), as made clear by the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962). When considering a motion for leave to amend, the Supreme Court has instructed federal courts to consider the following factors: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of permitting an amendment; and (5) futility of the amendment. Id. at 182.

The defendant argues that leave to amend should be denied because permitting it would be futile in the face of his motion to dismiss. Reply in Support of Defendant's

---

[3] Rule 15 was amended on December 1, 2009. In its prior version, amendment as a matter of course was permissible until the filing of a responsive pleading, but under the new rule there is a limited twenty-one day window to amend as a matter of course after a motion to dismiss under Rule 12(b) has been filed. Fed. R. Civ. P. 15(a)(1)(B). Because the defendant's motion to dismiss was filed after the December rule change, leave to amend the complaint is not permissible as a matter of course.

4

Partial Motion to Dismiss and Opposition to Leave to Amend the Complaint ("Def.'s Reply") at 3. This contention is based on the proposition that many of the allegations in the plaintiff's proposed amended complaint are identical to those made in her original complaint, id. at 3. Moreover, the defendant contends that [some of these assertions] relate[] to untimely claims[,] yet those same [assertions] reappear in the amended complaint," id., and therefore, the amended complaint is not sufficiently different to avoid partial dismissal of the claims encompassed by those assertions, id., at 2-3.

The plaintiff, on the other hand, submits her motion largely without specific support as to why her request should be granted. While she does contend that the amended complaint is submitted in response to the defendant's motion to dismiss, Pl.'s Mot. at 1, the plaintiff does not otherwise elaborate on her reasons for requesting leave to amend. The amended complaint does rearrange several paragraphs and changes the legal theories underlying Counts II and III of the complaint, but not the factual basis for her claims or requested relief. See Amended Complaint ("Am. Compl.") ¶¶ 55-58.

Other than futility, all of the other Foman factors weigh in favor of permitting the plaintiff to amend her complaint. Specifically, because of the early stage of the litigation, any delay would be minimal. Additionally, the plaintiff displays a good faith motive by seeking leave to amend her complaint in response to the defendant's partial motion to dismiss. This is also the plaintiff's first attempt to amend her Complaint, so there is no history of repeated failures to cure deficiencies in the complaint. Finally, the defendant would not be unduly prejudiced by permitting the amendment, as a single amendment this early in the proceedings will not markedly change the course of the litigation.

Accordingly, the only factor remaining in determining whether or not to allow leave to amend a complaint is whether doing so would be futile. Foman, 371 U.S. at 182. Without ruling on the merits of the motion to amend, it is impossible to determine whether the plaintiff's amendment will be sufficient to defeat the defendant's partial motion to dismiss. While the defendant correctly notes that many of the changes in the amended complaint are purely organizational, Def.'s Reply at 2-3, the plaintiff has made some substantive changes. For example, the plaintiff omitted her retaliation claim—which the defendant argues was not timely filed in this action due to the completion date of the administrative proceeding before the MSPB—and replaced it with a claim of disparate treatment. Am. Compl. ¶¶ 57-58. This further supports the notion that the plaintiff's proposed amendments are made in good faith and, at the very least, in an attempt to substantively respond to the defendant's partial motion to dismiss.

Finally, the balance in this case is tipped in favor of allowing leave to amend because the plaintiff's initial complaint was filed pro se, Compl. at 12., and "[c]ourts must construe pro se filings liberally," Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Accordingly, pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Given that the plaintiff is now represented by counsel, even if the plaintiff's proposed amendments were only largely cosmetic, which is not the case, this Court is bound by both Rule 15's liberal policy for granting leave and the wider latitude given to pro se litigants, thus permitting the platintiff's pro se filing to be amended by the attorney she has now retained.[4] It is thus in the interest of justice to allow the plaintiff, now with the

---

[4] The plaintiff appears to have retained counsel sometime after filing her complaint. See, e.g., Pl.'s Mot. to Amend at 1.

guidance of counsel, to have an opportunity to set forth her claims with more precision before the Court rules on the defendant's partial motion to dismiss, as permitting the amendment may elucidate the plaintiff's claims or even moot the defendant's challenges to the complaint. See, e.g., Rochon v. Gonzalez, 438 F.3d 1211, 1215 (concluding that permitting the amendment of a complaint may resolve disputed issues).

### III. Conclusion

For the foregoing reasons, the Clerk of the Court will accept for filing as of the date of this Order the plaintiff's Amended Complaint, the Court having decided that her motion for leave to amend her complaint must be granted. And as a result of this ruling, the defendant's pending motion to dismiss is denied without prejudice.[5]

REGGIE B. WALTON<br>
United States District Judge

---

[5] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.