# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENNY C. NORRIS,<br><br>               Plaintiff,<br><br>               v.<br><br>KEN L. SALAZAR, Secretary,<br>U.S. Department of Interior<br><br>               Defendant. | Civil Action No. 09-01042 (BAH) |

## MEMORANDUM OPINION

Pending before the Court is the motion by plaintiff Cenny C. Norris, who is proceeding *pro se,* for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of this Court's Order dated April 13, 2011. ECF No. 20. That Order granted, as conceded, the motion to dismiss of the defendant, Ken L. Salazar, Secretary of the U.S. Department of the Interior, and entered judgment in the defendant's favor. *Id.* The plaintiff explains that she first learned of the defendant's motion to dismiss at the same time she learned that motion had been granted due to her former counsel's inexplicable failure to respond. Pl.'s Mot. For Reconsideration ("Pl.'s Mot."), ECF No. 21, ¶¶ 3, 5, 6. For the reasons set forth below, the plaintiff's motion is granted, this case shall be reinstated, and the plaintiff shall have thirty days to file a response to the defendant's motion to dismiss, ECF No. 18.

I.  **BACKGROUND**

The plaintiff initiated this case as a *pro se* litigant on June 2, 2009, alleging in her complaint racial and disability discrimination and retaliation, stemming from her employment from February 2000 until March 2006, as an Administrative Officer at the Commission of Fine

1

Arts ("CFA"), an agency within the U.S. Department of Interior. Compl. ¶¶ 6,45, 47-51, ECF No. 1. The defendant then moved to dismiss two of the three counts in her complaint. ECF No. 5. After obtaining counsel, the plaintiff – through her counsel of record, Ernest P. Francis – filed an opposition to the defendant's motion for partial dismissal and sought leave to amend the complaint. ECF Nos. 7, 8. On September 30, 2010, the Court denied the defendant's motion for partial dismissal and granted the plaintiff's motion to file an amended complaint, which was docketed the same day. Mem. Op. and Order (Walton, J.), ECF Nos. 11, 12. The Amended Complaint alleges that, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq*., the CFA discriminated against the plaintiff based on her race and disability (back injury), *inter alia*, in connection with the amount of the performance-based compensation she received. *See generally* Am. Compl., ECF No. 14.

On December 13, 2010, the defendant filed a new motion to dismiss the entire Amended Complaint. ECF No. 18. Pursuant to the Court's December 8, 2010 Minute Order, the plaintiff's opposition was due by January 14, 2011, on which date the Court granted a consent motion, filed by the plaintiff through her counsel, to extend the time for her response until February 14, 2011.[1] Pl.'s Consent Mot. for Extension of Time, ECF No. 19. No response to the defendant's motion to dismiss was filed on the plaintiff's behalf by February 14, 2011, however, and no request for an additional extension of time was made to the Court.

On April 13, 2011, two months after the due date for plaintiff's opposition to be filed, this Court granted the defendant's motion as conceded, pursuant to Local Civil Rule 7(b), which states, in pertinent part, that when an opposing party does not "file a memorandum of points and

---

[1] This case was reassigned to the current presiding judge on January 20, 2011.

authorities in opposition to the motion. . . within the prescribed time, the Court may treat the motion as conceded."

Three months later, on July 14, 2011, the Clerk's office of this Court received plaintiff's motion for reconsideration of the April 13, 2011 Order and the Court granted leave to file this motion on July 18, 2011. ECF No. 21. In her motion, the plaintiff states that she retained C. Gregory Stewart as counsel in this matter in March 2006, but Mr. Stewart did not advise her of "a verbal agreement with Ernest P. Francis… to file legal documents with the court" and "never informed [her] of the motions for dismissal, the requests for extensions or the deadlines for filing documents in this case." Pl.'s Mot. ¶¶ 3, 6.[2] She indicates that she first learned on June 16, 2011, of these circumstances, including the defendant's motion to dismiss and the Court's dismissal of the case because of the failure "to file the brief by the court's deadline of February 14, 2011." *Id*. ¶¶ 3, 5. Based upon these circumstances, the plaintiff argues that "it would be unjust for the Plaintiff to suffer because the attorneys failed to adhere to DC Court rules, attempted to circumvent the rules, and because Mr. Stewart did not properly submit an application to practice law in the District of Columbia." *Id*. at 4-5.[3]

## II.  DISCUSSION

The plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure

---

[2] The plaintiff's statement that she was unaware of the arrangement between Messrs. Stewart and Francis is corroborated by Mr. Francis' statement that he "has never met Plaintiff and talked with her only after the case was dismissed." Response to Pl.'s Mot., ECF No. 23, at 1.

[3] The plaintiff incorrectly asserts that Mr. Stewart's arrangement for Mr. Francis to serve as local counsel of record amounts to the unauthorized practice of law and a violation of professional ethics. Pl.'s Mot. at 5. This arrangement comports with the local rules of this Court that all papers submitted to this Court must be signed by counsel who are members of the Bar of this Court. LCvR 83.2(c). On the other hand, the plaintiff's motion does raise other serious issues about, *inter alia*, whether her former counsel failed to act competently, failed to consult with her about the means of pursuing the litigation and the scope of the representation, failed to keep her informed as to the status of the representation or otherwise to communicate with her, and failed to represent her zealously and diligently within the bounds of the law. *See* D.C. Rules of Professional Conduct, Rules 1.1(a), 1.2(a), 1.3(c), 1.4(a), 1.5(b).

because she claims the circumstances of this Court's dismissal of the case constitute either "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) or qualify as "any other reason that justifies relief" from the judgment under Rule 60(b)(6). Pl.'s Mot. at 3-4 ("The facts outlined above demonstrate surprise and extraordinary circumstances," citing Rule 60(b)(1) and (6)). The defendant counters that the plaintiff is not entitled to "this extraordinary remedy under either Rule 60(b)(1) or Rule 60(b)(6), and she also fails to proffer any basis for the Court to conclude that she has a potentially meritorious claim that would justify the Court's exercise of its equitable powers to reopen this case." Def.'s Opp'n, ECF No. 22, at 2. For the reasons set forth below, the Court will grant the plaintiff's motion for reconsideration.

**A.     Legal Standard**

Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from a previous judgment or order for six enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The party seeking relief from judgment bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-84 (1992); *United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 130-131 (D.D.C. 2009); *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 100 n.3 (D.D.C. 2008). While all motions under Rule 60(b) must be made "within a reasonable time," applications for relief under the first three reasons must be made within a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(1) states that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination of

4

"surprise" or "excusable neglect" is an equitable matter that requires consideration of, *inter alia*, the risk of prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith. *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo,* 447 F.3d 835, 838 (D.C. Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). Negligence, or even gross negligence, on the part of counsel does not constitute the "excusable neglect" warranting relief under this section of the rule. *See Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 67 n.5 (D.D.C. 2008) (citing *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972) (affirming that "neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b)[(1)] relief")).

If the first five reasons set forth in Rule 60(b) are inapplicable, the court may look to the "catch-all" provision of Rule 60(b)(6), which "gives courts discretion to vacate or modify judgments when it is 'appropriate to accomplish justice.'" *8 Gilcrease Lane*, 668 F. Supp. 2d at 130-131 (*quoting Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Rule 60(b)(6) is only available when "the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."); *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (Rule 60(b)(6) is mutually exclusive with other grounds for relief under Rule 60(b)). The Supreme Court has held that only "extraordinary" circumstances warrant relief under Rule 60(b)(6), *Ackermann v. United States*, 340 U.S. 193, 202 (1950), and this Circuit "has cautioned that it 'should be only sparingly used.'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008); *Campbell v. United States*, No. 92-0213, 2006

U.S. Dist. LEXIS 36544, at *2 (D.D.C. May 19, 2006). The requisite "extraordinary circumstances" under Rule 60(b)(6) may be found when a faultless plaintiff seeks relief from a final judgment or order due to counsel's ineffective assistance amounting to neglect of the movant's case. *See Peter B. v. U.S.*, No. 05-2189, 2006 WL 2038512, at *1-2 (D.D.C. Jul. 19, 2006).

Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Good Luck Nursing Home*, 636 F.2d at 577 (*quoting Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)). Thus, the granting or denial of a Rule 60(b)(6) motion "is entrusted to the sound discretion of the district court." *Randall v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 110 F.R.D. 342, 344 (D.D.C. 1986) (citing *S. Pac. Telecomm. Co. v. Am. Tel. & Tel. Co.*, 740 F.2d 1011, 1017 (D.C. Cir. 1984)).

**B.    Analysis**

The defendant urges the Court to deny the plaintiff's motion for reconsideration of the April 13, 2011 Order because (1) "the ineptness of counsel alleged here" does not "satisfy the 'excusable neglect' standard under Rule 60(b)(1)," nor does it constitute sufficiently "extraordinary circumstances" to qualify for relief under Rule 60(b)(6), Def.'s Opp'n, ECF 22, at 5,7; and (2) the plaintiff "does not meet the additional requirement that she show she has a potentially meritorious claim." *Id*. at 6.  Although the defendant is correct that the plaintiff has not established her entitlement to relief under Rule 60(b)(1), the Court will grant her motion for

reconsideration under Rule 60(b)(6).[4]

The plaintiff's statements regarding her conversations with counsel provide no basis for excusing counsel's failure to file a timely opposition to the defendant's motion to dismiss under Rule 60(b)(1). Likewise, the statements of her counsel of record do not provide any excuse for counsel's neglect in filing an opposition. Her counsel of record merely indicates that even though both he and retained counsel were aware of the deadline for filing an opposition, they made inadequate efforts to prepare an opposition filing and made no effort to obtain an extension of time. *See generally*, Resp. to Pl.'s Mot., ECF No. 23. As a consequence, the plaintiff has not established any *excusable* neglect by counsel that would qualify for relief under Rule 60(b)(1).

The defendant suggests that the "failure of Plaintiff's counsel to file a response here appears to be based on a reasoned determination by counsel of record that Plaintiff lacks a meritorious claim and that the Complaint would be dismissed for the reasons raised in Defendant's motion." Def.'s Opp'n at 6. Neither the explanations offered by the plaintiff nor those offered by her counsel of record, however, support the defendant's suggestion that the case was conceded based upon counsel's evaluation of the merits of plaintiff's claims.

On the contrary, the plaintiff contends that, although her retained counsel allegedly provided a draft opposition to local counsel in March 2011 (after the Court deadline, but before dismissal), local counsel decided not to file the brief since it was not written properly and returned it to retained counsel. Pl.'s Mot. at 2-3, ¶¶ 5-7. Local counsel, for his part, states that retained counsel timely asked that he "attempt to obtain a further extension" of the February 14,

---

[4] The defendant raises no issue concerning the timeliness of the plaintiff's motion, which was submitted to the Court on July 14, 2011, and thus is well within the one-year period required for a motion under Rule 60(b)(1). The plaintiff's motion falls within a reasonable period of time following dismissal of this action in April 2011 and the plaintiff's discovery of the dismissal in June 2011.

2011 deadline, but local counsel did not do so. Resp. to Pl.'s Mot. at 2. Retained counsel provided another draft opposition to the defendant's motion on April 5, 2011, and a "corrected" draft on April 11, 2011, but after reviewing the drafts, local counsel did not file these papers, nor seek an extension of time within which to do so. *Id*. at 3. Thus, contrary to the defendant's suggestion, the plaintiff's counsel apparently was making some effort, ineffectual and incomplete as it was, to oppose the defendant's motion to dismiss. While Rule 60(b)(6) may not be used to relieve a party from the consequences of improvident strategic decisions or "free, calculated, deliberate choices," *Ackermann*, 340 U.S. at 198, in this case, no strategy or deliberate choice appears to have been made. Rather, the plaintiff and her local counsel of record cite inadequate draft work product and apparent failed communications between local counsel and retained counsel as the reason for failure to file a response to the defendant's motion.

The defendant also contends that the plaintiff has failed to establish that she has a meritorious claim and that this is fatal to her motion for reconsideration. Def.'s Opp'n at 6-7. While the burden on the movant to show a meritorious claim is correctly stated by the defendant, this factor generally applies when the court has exercised the opportunity to review the merits of the case. *See Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 n.4 (D.C. Cir 1986) (affirming denial of Rule 60(b) motion when district court granted motion to dismiss as conceded after district court heard "brief argument on the merits by Government counsel which accurately summarized [plaintiff's] response to the statute of limitations challenge" and made apparent that a "flaw in the proposed, unfiled opposition was that it did not set forth facts (or support any facts by affidavits or other material)" to defeat the motion to dismiss); *accord Norman v. United States*, 377 F. Supp. 2d 96, 98 (D.D.C. 2005) (plaintiff's Rule 60(b) motion

denied where "the Court [was] persuaded that reinstatement would ultimately be futile"), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006).

By contrast, in this case, the Court granted the defendant's motion to dismiss as conceded before reaching the merits of plaintiff's claims or arguments potentially available to her in opposition to the defendant's motion. Resolution on the merits is preferable to a judgment by default and, therefore, courts should liberally allow relief under Rule 60(b), as a "corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect." *Butler v. Pearson*, 636 F.2d 526, 530 (D.C. Cir. 1980) (internal quotations and citations omitted); *see also Pulliam v. Pulliam*, 478 F.2d 935, 936 (D.C. Cir. 1973) (Rule 60(b) relief should be liberally allowed to mitigate the impact of counsel's neglect); *Spann v. Comm'rs of the District of Columbia*, 443 F.2d 715, 716 n.1 (D.C. Cir. 1970) ("The liberal spirit of [Rule 60(b)], together with the basic policy favoring resolution of litigation on the merits requires us to review closely" denials of Rule 60(b) motions that have "preclude[d] consideration of the merits of the controversy."); *Bibeau v. Northeast Airlines Inc.*, 429 F.2d 212, 213-214 (D.C. Cir. 1970) (reversal of district court's denial of a motion to reinstate a wrongful death action which had been dismissed for want of prosecution of a few months duration); *Lawrence v. Gutherie*, No. 08-1292, 2011 U.S. Dist. LEXIS 88961, at *7-8 (D.D.C. Aug. 11, 2011) ("Our judicial system is imbued with a strong presumption in favor of adjudications on the merits."); *see also* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC., § 2857 (2d ed.) ("There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when judgment comes after a full trial on the merits.").

Finally, the defendant makes no claim of prejudice should the plaintiff's motion be granted. Given the nature of the claim here as well as the relatively few months that have passed since the April 13, 2011 Order of dismissal, no prejudice could be shown. In similar circumstances involving a counsel's failure to file timely responses to interrogatories or to notify the court of difficulties in complying with deadlines, a movant who had not "personally misbehaved," and an opponent that had "not been harmed," the D.C. Circuit in *Butler v. Pearson* reversed the district court's denial of the plaintiffs' motion for reinstatement of the case. 636 F.2d at 531. The Court observed that "[p]ublic confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else." 636 F.2d at 531 (*quoting Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 123-24 (D.C. Cir. 1977)); *see also Peter B.*, 2006 WL 2038512, at *2 (Rule 60(b)(6) motion granted where defendant's motion to dismiss was granted as conceded rather than on merits following full briefing, defendant alleged no prejudice if the motion were granted, "[n]othing indicate[d] that the plaintiff himself was less than diligent in pursuing his claim," and "the unfortunate circumstances that befell his original lawyer should not prevent plaintiff from having his day in court.").

### III. CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion, pursuant to Rule 60(b)(6), for reconsideration of the April 13, 2011 Order, which granted the defendant's motion to dismiss as conceded. This case shall be reinstated and the plaintiff is directed to file any opposition to the defendant's pending motion to dismiss within thirty days, by November 18, 2011. The defendant shall file any reply by November 28, 2011.

DATED: October 18, 2011                   /s/ *Beryl A. Howell*
                                                                                                   BERYL A. HOWELL
                                                                                                   United States District Judge